UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMANA NURI, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUE RELIGION APPAREL, INC. and TRUE RELIGION SALES, LLC,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

AND TO: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT, defendants True Religion Apparel, Inc. and True Religion Sales, LLC (collectively, "True Religion"), by and through counsel, hereby remove the action titled *Nuri v. True Religion Apparel, Inc.*, King County Case No. 25-2-07593-1 SEA to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because (1) complete diversity exists between the parties, and (2) removal is proper pursuant to the Class Action Fairness Act ("CAFA"). True Religion denies the allegations

NOTICE OF REMOVAL - 1

and relief sought, and files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. True Religion will provide additional evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.

## I. PROCEDURAL BACKGROUND

On March 7, 2025, Plaintiff Tamana Nuri filed a Complaint in King County Superior Court (the "Complaint"). A true and correct copy of the Complaint is filed herewith. *See* 28 U.S.C. § 1446(a); LCR 101(b). All other documents filed in the King County Superior Court in this action are attached to the concurrently filed Declaration of Rachael E. Clark ("Clark Decl."). *See* LCR 101(c). On April 1, 2025, True Religion executed a Waiver of Personal Service and Acceptance of Service ("Waiver of Service"). *See* Clark Decl., Ex. 10.

Plaintiff alleges that True Religion violated Washington's Consumer Protection Act, RCW 19.86 ("CPA") and Commercial Electronic Mail Act, RCW 19.190 ("CEMA") by sending marketing emails to Washington consumers with allegedly false and misleading subject lines. Compl. ¶ 4. Plaintiff seeks statutory and exemplary damages, injunctive relief, and attorneys' fees and costs. Compl. ¶ 6.

As alleged in the Complaint, Plaintiff is a citizen of Washington State and brings this action on behalf of persons residing in Washington. Compl. ¶¶ 7, 78.

## II. REMOVAL IS TIMELY

Defendant executed the Waiver of Service on April 1, 2025. *See* Clark Decl., Ex. 10. Thirty days from service of the Summons and Complaint therefore falls on May 1, 2025. This Notice is timely because it was filed within thirty days from service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also Pilger v. Potter*, 2021 WL 2188801, at *4 (D. Nev. May 28, 2021). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

NOTICE OF REMOVAL - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

## III. VENUE

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the Complaint in King County Superior Court, which is situated in the Western District of Washington. Further, intradistrict venue is proper in the Seattle Division as Plaintiff is a resident of King County, Washington and the claims arose therein. *See* Compl. 7.

## IV. DIVERSITY JURISDICTION

This Court has jurisdiction over this civil action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 for Plaintiff, exclusive of interests and costs.

Plaintiff alleges she is a citizen of the State of Washington. Compl. ¶ 7.

For purposes of establishing diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place business. 28 U.S.C. § 1332(c)(1). In contrast, a limited liability company ("LLC") is a citizen of any state of which a member of the company is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant True Religion Apparel, Inc. ("TR Apparel") is a Delaware corporation with its principal place of business in Gardena, California. Therefore, TR Apparel is a citizen of Delaware and California.

Defendant True Religion Sales, LLC ("TR Sales") is a Delaware limited liability company. Guru Denim LLC is TR Sales' sole owner/member, and Guru Denim LLC's sole owner/member is TR Apparel. As explained above, TR Apparel is a citizen of Delaware and California for diversity purposes. Therefore, TR Sales is also a citizen of Delaware and California.

There is complete diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

NOTICE OF REMOVAL - 3

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

The amount in controversy requirement is also satisfied because Plaintiff's Complaint is seeking an amount in excess of $75,000. Here, Plaintiff requests (1) statutory damages[1] in the amount of $500 for each alleged violation of CEMA pursuant to RCW 19.190.020(1)(b); (2) treble damages pursuant to RCW 19.86.090; and (3) costs and attorneys' fees in coaction with litigation, pursuant to RCW 19.86.090.

A removing party need only show a plausible allegation "that the amount in controversy exceeds the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The amount in controversy can include actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942, 945 (9th Cir. 2001). Attorney's fees are properly included in determining the amount in controversy. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy").

Plaintiff alleges that an injury occurs each time an email containing false or misleading information in the subject line is sent to a consumer. Compl. ¶¶ 5, 27, 101. Plaintiff also alleges that True Religion "commonly sends three marketing emails every day," and that since 2020, she has received over 3,000 emails from defendants. Compl. ¶¶ 26, 73. Plaintiff specifically identifies at least 46 emails from True Religion with allegedly false and misleading subject lines. Compl. ¶¶ 23–65. If Plaintiff were to seek statutory damages for even 150 emails out of the 3,000 she contends to have received, at $500/email, that alone (without accounting for treble damages, actual damages, injunctive relief, and attorney's fees) would exceed the $75,000 threshold.

Thus, the Complaint puts at issue statutory damages exceeding the $75,000 threshold for the amount-in-controversy based on the Plaintiff's own bare estimations of the actionable emails that she allegedly received from True Religion.

---

[1] True Religion denies that Plaintiff is entitled to statutory damages under CEMA and/or the CPA. Nonetheless, such damages are expressly sought and therefore properly included in the amount in controversy.

NOTICE OF REMOVAL - 4

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

In addition, Plaintiff seeks treble damages (which are capped at $25,000), and attorney's fees pursuant to RCW 19.86.090. See Compl. ¶ 102. If Plaintiff's counsel were to spend even 100 hours in this case at an average rate of $500, that would further satisfy the jurisdictional requirement for amount in controversy. (Note: 46 emails minimum at $500 = $23,000 + $25,000 treble damages + $50,000 in attorneys' fees = $98,000).

For the foregoing reasons, the amount in controversy requirement is easily satisfied because Plaintiff's alleged statutory damages, treble damages, and attorney's fees place more than $75,000 in controversy.

In sum, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this action is properly removed to this Court.

## V. ALTERNATIVELY, THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

This lawsuit is a putative class action.[2] In addition to diversity jurisdiction, removal is also proper pursuant to CAFA and 28 U.S.C. §§ 1441, 1446, and 1453, because: (i) diversity of citizenship exists between at least one putative class member and Defendants; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. True Religion denies Plaintiff's factual allegations and denies that Plaintiff—or the class she purports to represent—are entitled to the relief requested in the Complaint. Nevertheless, based on Plaintiff's allegations in the Complaint, all requirements for jurisdiction under CAFA have been met in this case.

### A. Diversity of Citizenship Exists.

To establish CAFA's diversity requirement, a party seeking removal must establish only that minimal diversity exists, i.e., that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied*

---

[2] True Religion denies that class certification is appropriate and reserves the right to oppose class certification.

NOTICE OF REMOVAL - 5

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

*Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

As explained above, there is complete diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), because this is a civil action between citizens of different states: Plaintiff is a citizen of Washington State and Defendants are citizens of Delaware and California. Accordingly, the minimal diversity requirement of CAFA is also satisfied.

B. **The Putative Class Has More Than 100 Members.**

CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because Plaintiff alleges that "the Class has more than 100 members." Compl. ¶ 79.

C. **The Amount in Controversy Exceeds $5 million.[3]**

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). A removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain

---

[3] True Religion refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

NOTICE OF REMOVAL - 6

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)).

True Religion denies Plaintiff's factual allegations and denies that Plaintiff or the putative class she seeks to represent are entitled to any of the relief for which Plaintiff has prayed. However, the allegations in the Complaint put more than $5 million into controversy when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

    **1.    Plaintiffs' First and Second Causes of Action for Violations of CEMA and the CPA Place Over $5 million in Controversy.**

In the Complaint, Plaintiff alleges that Defendants sent "dozens of commercial electronic mail messages with false or misleading subject lines to Plaintiff and the Class," in violation of CEMA. Compl. ¶ 23. According to Plaintiff, "True Religion commonly sends three marketing emails every day, and sometimes sends up to five per day, many of them advertising sales that are purportedly ending or being extended." Compl. ¶ 26 (emphasis removed). Plaintiff alleges she has

NOTICE OF REMOVAL - 7

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

over 3,000 emails from True Religion since 2020; she specifically identifies 46 emails as examples of the "numerous" emails with purportedly false and misleading subject lines that she received. Compl. ¶¶ 26, 28-64, 73. Plaintiff seeks statutory damages in the amount of $500 for each violation of CEMA pursuant to RCW 19.190.040(1), and treble damages pursuant to RCW 19.86.090. Compl. ¶¶ 101–102. Using Plaintiff's alleged number of deceptive emails per class representative (3 emails/day/person) and averaging that number across the class during the period of a single year, with an alleged Class of at least 100 people and alleged statutory damages of $500 per purported violation, the amount-in-controversy in this case easily exceeds $5 million.

### 2. Plaintiff's Request for Attorneys' Fees Place Additional Amount in Controversy, Further Exceeding the CAFA Threshold.

Plaintiff also seeks recovery of attorneys' fees pursuant to RCW 19.86.090. *See* Compl. ¶ 102. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Fritsch*, 899 F.3d at 794 (9th Cir. 2018) (holding that "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"); *Dawsey v. Travelers Indem. Co.*, Case No. 3:15-cv-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015) (allowing attorneys' fees of 25% of compensatory damages to be included in CAFA amount in controversy calculation). "A defendant does 'not need to prove to a legal certainty' that a plaintiff will be awarded the proffered attorneys' fees in the removal notice." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020).

True Religion denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, the Ninth Circuit has held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Fritsch*, 899 F.3d at 795–796, 796 n.6. Courts have used the 25% benchmark to calculate potential fees for purposes of the CAFA amount in controversy. *See, e.g.*, *Dawsey*, 2015 WL 4394545, at *2–3 (adding

NOTICE OF REMOVAL - 8

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

25% benchmark to estimated common fund value); *Berry v. Transdev Services, Inc.*, 2016 WL 11261499, at *4–5 (W.D. Wash. Jan. 11, 2016) ("Courts also recognize that two possible benchmarks for estimating such attorneys' fees: an estimate under a lodestar calculation or using a 25% common fund benchmark."). Courts therefore include a potential 25% fee award in the CAFA amount in controversy.

Even though True Religion has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5 million, True Religion notes that the inclusion of attorneys' fees would increase the amount in controversy even further above the $5 million threshold.

Even if the 25% benchmark is not used, it is reasonable to assume that Plaintiff's potential future attorneys' fees place at least an additional $1 million in controversy. Plaintiff's attorneys have recently presented to courts in fee motions in class actions that their hourly rate is $550 for partners, $325 for an associate, and $200 for a paralegal. *See Hoffman v. Hearing Help Express, Inc. et al.*, No. 3:19-cv-05960-MJP, Dkt. No. 140 (W.D. Wash. Oct. 27, 2021) (presenting Beth Terrell's hourly rate as $550 in 2021); *see also Carranza v. Dovex Fruit Company*, No. 2:16-cv-00054-SMJ, Dkt. No. 108 (E.D. Wash. Sept. 27, 2018) (granting final approval and approving a $525 hourly rate for an attorney at Plaintiff's counsel's firm in 2019).

Based on the foregoing rates, and consistent with precedent in other class actions, the preponderance of the evidence shows that attorneys' fees are likely to increase the amount in controversy by at least $1 million if this case is litigated through trial, further exceeding the $5 million threshold for removal under CAFA. *See, e.g., Ibarra v. Wells Fargo Bank, N.A.*, 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $350 to $775); *In re Taco Bell Wage and Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

NOTICE OF REMOVAL - 9

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

### D. CAFA's Exceptions to Removal Do Not Apply.

CAFA's "home-state" and "local controversy" exceptions do not apply to this removal. The "home state" exception prevents CAFA removal only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011) ("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Likewise, under the "local controversy exception," at least one defendant must be "a citizen of the State in which the action was originally filed." 28 U.S.C. 1332(d)(4)(A). Here, Plaintiff brought all claims in the Complaint against True Religion Apparel, Inc. and True Religion Sales, LLC. *See* Compl. 8–9. None of the Defendants are citizens of the State of Washington where the action was filed, negating application of the home state and local controversy exceptions.

### VI. NOTICE

True Religion will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the King County Superior Court Clerk, as required under 28 U.S.C. § 1446(d).

### VII. CONCLUSION

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, True Religion respectfully requests the opportunity to conduct jurisdictional discovery, and to present a brief and oral argument in support of its position that this case is subject to removal.

DATED: April 16, 2025

SNELL & WILMER L.L.P.

By: *s/ Rachael E. Clark*
Rachael E. Clark WSBA #57277
Patricia Brum, *pro hac vice forthcoming*
600 University Street, Suite 310
Seattle, WA 98101
Telephone: 206.741.1420
Email: reclark@swlaw.com;
pbrum@swlaw.com
*Attorneys for Defendants*

NOTICE OF REMOVAL - 10

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125

# CERTIFICATE OF SERVICE

I, Brenda Partridge, certify that on April 16, 2025, I caused to be served a copy of the foregoing document on the following parties, via the method indicated below:

| | |
|---|---|
| Beth E. Terrell<br>Jennifer Rust Murray<br>Blyth H. Chandler<br>Terell Marshall Law Group PLLC<br>936 N. 34th Street, Suite 300<br>Seattle, WA  98103<br>(206) 816-6603<br>bterrell@terrellmarshall.com<br>jmurray@terrellmarshall.com<br>bchandler@terrellmarshall.com | ☐ Via Legal Messenger<br>☐ Via 1st Class US Mail<br>☐ Via Facsimile<br>☒ Via Email<br>☒ Via eService |
| Sophia M. Rios<br>E. Michelle Drake<br>8241 La Mesa Blvd., Suite A<br>La Mesa, CA  91942<br>(619) 489-0300<br>srios@bm.net<br>emdrake@bm.net | ☐ Via Legal Messenger<br>☐ Via 1st Class US Mail<br>☐ Via Facsimile<br>☒ Via Email<br>☒ Via eService |

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 16th day of April, 2025, at Seatac, Washington.

*s/Brenda Partridge*
Brenda Partridge
NOTICE OF REMOVAL - 11

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4921-9216-3125