UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Tamana Nuri, | CASE NO. 2:25-cv-00690-LK |
| Plaintiff, | MINUTE ORDER |
| v. | |
| True Religion Apparel Inc et al, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Lauren King, United States District Judge:

The parties' stipulated motion for a protective order, Dkt. No. 30, is DENIED without prejudice to its renewal. The parties are free to execute agreements between themselves, but the Court will not approve this proposed protective order for at least the following reasons. First, it purports to bind non-parties. For example, Section 12.1 defines "Disclosing Party" as "a Party or *subpoenaed nonparty*," Dkt. No. 30 at 12 (emphasis added), and that Section and Section 12.2 go on to impose procedural requirements on such non-parties, *id.* at 12–13. Section 14 purports to govern third party production. *Id.* at 14–15. Second, Section 11 states that the parties "agree" that

MINUTE ORDER - 1

"the terms of this Stipulated Protective Order shall be interpreted and enforced by this Court" even "[a]fter the termination of this action[.]" *Id.* at 11–12. The Court will not approve this unduly broad expansion of its post-judgment role. Third, Section 7(d)'s prohibition on opposition to motions to quash or limit subpoenas belongs in a private agreement rather than a Court order. *Id.* at 10. The same is true for Section 10. *Id.* at 11. Fourth, Section 12.1 unduly expands waiver protection to "any other federal or state action." *Id.* at 12. Fifth, Section 12.1 states that in the event of a conflict between that paragraph and the provisions of Federal Rule of Evidence 502(b)(2), that paragraph shall control. *Id.* Again, this kind of provision belongs in a private agreement, not in a court order. Sixth, Section 12.3 invites "Disclosure Motions" to be filed under seal with the Court whenever a receiving party contests a claim of privilege. *Id.* at 13. If motions to compel must be filed, the parties can follow the existing rules regarding such motions, the propriety of sealing information therein, and the timing of such motions (see Sections 12.4 and 12.6, which the Court also will not approve). Finally, Section 12.4 references nonexistent "paragraphs 11.2 or 11.3," and Section 12.6 references nonexistent "paragraph 11.3."

If the parties renew their request for entry of a protective order, they are encouraged to adhere as closely as possible to the model language.

Dated this 22nd day of October, 2025.

Ravi Subramanian
Clerk

/s/Natalie Wood
Deputy Clerk

MINUTE ORDER - 2