UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMANA NURI,<br><br>                      Plaintiff,<br>    v.<br><br>TRUE RELIGION APPAREL et al.,<br><br>                      Defendants. | CASE NO. 2:25-cv-00690-LK<br><br>AMENDED ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. For the reasons stated below, the Court orders True Religion to show cause why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction.[1]

**I.    BACKGROUND**

This case is a proposed class action against True Religion Apparel, Inc. and True Religion Sales, LLC for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Wash. Rev. Code § 19.190, and Washington's

---

[1] The Court amends its order to correct the standard for removal jurisdiction. Dkt. No. 48 at 2.

AMENDED ORDER TO SHOW CAUSE - 1

Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86. Dkt. No. 1-1 at 1, 17–19. Plaintiff Tamana Nuri complains that True Religion sends emails (1) "advertising in subject lines that a sale is 'extended'" when "True Religion always planned to continue the sale during the purported 'extension,'" *id.*, (2) "with subject lines advertising 'early access' to sales when the date is simply the planned start of a sale that everyone has access to," *id.* at 8, (3) "with subject lines stating that a sale is 'starting now' when the sale has been ongoing," *id.* at 9, and (4) "with a subject line stating that a sale is ending when it is not," *id.* at 10.

For herself and a class of Washington residents, Nuri seeks "declaratory, equitable, and/or injunctive relief as permitted by law to ensure that True Religion will not continue to engage in the unlawful conduct described in this Complaint," statutory damages of $500 for each violation of CEMA, treble damages under Washington Revised Code Sections 19.190.020(1)(b) and 19.86.090, and attorneys' fees and costs. *Id.* at 19. Nuri's CPA claims are premised on her CEMA cause of action. *Id.* at 18.

Nuri filed this suit in King County Superior Court. *Id.* at 1. True Religion timely removed the case to this Court, Dkt. No. 1 at 2, asserting both diversity and Class Action Fairness Act ("CAFA") jurisdiction, *id.* at 3–10.

## II. DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (citation modified). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Although there is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth

evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Moreover, as the party invoking federal jurisdiction, True Religion bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified). Furthermore, "standing is not dispensed in gross;" rather, standing must be established "for each claim that [plaintiffs] press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

As discussed above, Nuri seeks statutory damages for each message sent in violation of CEMA, as well as treble damages under both CEMA and the CPA. Dkt. No. 1-1 at 19. She also seeks injunctive relief requiring True Religion's compliance with CEMA. *Id.* She avers that "[a]n injury occurs anytime a commercial e-mail is transmitted that contains false or misleading information in the subject line." *Id.* at 4. The Washington Supreme Court recently held that

1   "CEMA does not require a showing of injury for statutory damages to be awarded because the
2   injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45
3   (Wash. 2025).
4       The legislature's creation of a statutory prohibition or obligation and a cause of action
5   "does not relieve courts of their responsibility to independently decide whether a plaintiff has
6   suffered a concrete harm under Article III[.]" *TransUnion*, 594 U.S. at 426. While CEMA does
7   not require that Nuri independently establish an injury in fact under Washington law, *see Brown*,
8   567 P.3d at 45, the Court "cannot treat an injury as 'concrete' for Article III purposes based only
9   on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact."
10  *TransUnion*, 594 U.S. at 426–27 (citation modified). For standing purposes, therefore, an
11  important difference exists between a plaintiff's *statutory* cause of action to sue a defendant over
12  the defendant's violation of state law, and a plaintiff suffering *concrete harm* because of the
13  defendant's violation of state law. *Id.* The Ninth Circuit has interpreted *TransUnion* to "require[]
14  a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has
15  suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v.
16  Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).
17      Despite alleging in its Notice of Removal that this Court has jurisdiction over this case,
18  Dkt. No. 1 at 3–10, True Religion argues in its motion to dismiss that Nuri fails to allege "that she
19  saw the emails when they arrived, opened them, relied upon them, or was injured in any way by
20  them," Dkt. No. 19 at 1 (describing the emails as containing an "immaterial and inconsequential
21  misstatement"). True Religion adds that CEMA "is not based on 'traditional tort theories'" and
22  "does not require reliance, injury, or even materiality[.]" *Id.* at 2 (reiterating that "nowhere in the
23  complaint [does Nuri] allege[] that True Religion's alleged misstatements in the subject line were
24  materially false, that she relied upon them, or that she suffered any damage as a result of these

AMENDED ORDER TO SHOW CAUSE - 4

alleged false subject lines"). These representations—made subject to Federal Rule of Civil Procedure 11(b)—appear to demonstrate that removal was improper.

### III.  CONCLUSION

For the foregoing reasons, the Court ORDERS True Religion to SHOW CAUSE why this case should not be remanded to King County Superior Court. Its brief of up to 2,800 words is due on February 16, 2026.

Dated this 4th day of February, 2026.

Lauren King
United States District Judge